# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARVIN CLEMENTS**
        Petitioner,

v.                              **Case No. 08-C-0410**
                                  **(Criminal Case No. 06-CR-9)**

**UNITED STATES OF AMERICA**
        Respondent.

## DECISION AND ORDER

A jury found petitioner Marvin Clements guilty of possessing a firearm as a felon, and I sentenced him to 48 months in prison. The Seventh Circuit recently affirmed his conviction. United States v. Clements, 522 F.3d 790 (7th Cir. 2008). Before me now is petitioner's motion to vacate under 28 U.S.C. § 2255. Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must conduct a preliminary review of the motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion or other response . . . .

Rule 4(b), Rules Governing § 2255 Proceedings.

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

In his motion, petitioner raises seven grounds for relief, but none have any merit. Therefore, the motion must be summarily denied and this case dismissed.

First, petitioner alleges a violation of his Fourth Amendment rights. The Seventh Circuit found no such violation, Clements, 522 F.3d at 794-95, an appellate determination that now constitutes the law of the case, see Peoples v. United States, 403 F.3d 844, 847 (7th Cir. 2005), and which petitioner presents no compelling reason to disregard, see White v. United States, 371 F.3d 900, 902 (7th Cir. 2004) (discussing the narrow exceptions to the law of the case doctrine).[1] Petitioner raises various questions about the conduct and credibility of the arresting officers and the quality of the evidence against him, but those were issues for the jury to resolve. Section 2255 relief is reserved for grave legal errors, see, e.g., Romandine v. United States, 206 F.3d 731, 737 (7th Cir. 2000); Scott v. United States, 997 F.2d 340, 341 (7th Cir. 1993); "the question of guilt or innocence is not cognizable on a Section 2255 motion." Bateman v. United States, 875 F.2d 1304, 1306-07 (7th Cir. 1989).

Second, petitioner alleges that I denied his Sixth Amendment rights by ignoring his pro se objections at trial. Petitioner did not raise this issue on direct appeal, procedurally defaulting it for collateral review. Petitioner argues that his appellate counsel failed to consult him about the issues to be raised on appeal, which perhaps could constitute cause for the default, but because the claim lacks any merit he cannot show prejudice. See United States v. Frady, 456

---

[1] In the court of appeals, petitioner focused on the seizure of his person. To the extent that he now also challenges the officers' decision to search the car without a warrant following his seizure, I find that after petitioner raised a knife towards the officers and dropped a magazine upon exiting the car, the officers acquired justification to search the car for additional weapons to ensure their own safety. See, e.g., United States v. Mancillas, 183 F.3d 682, 699-700 (7th Cir. 1999); see also Carroll v. United States, 267 U.S. 132 (1925) (recognizing an automobile exception to the warrant requirement).

2

U.S. 152, 167-168 (1982). Although petitioner was represented by counsel at trial, he repeatedly interrupted the questioning of witnesses with his own comments about the evidence. Rather than removing petitioner from the courtroom based on disruptive behavior, see Fed. R. Crim. P. 43(c)(1)(C), I attempted to assure him that his lawyer would have a chance to cross-examine the witnesses and he would have a chance to present his version of events. There is no Sixth Amendment right to interrupt a trial and argue with a witness. See Illinois v. Allen, 397 U.S. 337 (1970).[2]

Third, petitioner argues that his Fourth Amendment [sic] rights were violated by the admission of hearsay statements.[3] Again, because this claim was not raised on direct appeal, it is defaulted. Petitioner offers the same excuse for his default as on the second claim, but because this claim also lacks merit there is no prejudice even if there is cause. It is unclear what testimony petitioner believes to be hearsay: the arresting officers testified at trial as to their first-hand observations, and petitioner's post-arrest statement was not hearsay, see Fed. R. Evid. 801(d)(2). Petitioner again questions the credibility of the officers' testimony, but that was an issue for the jury.

Fourth, petitioner argues that under Wisconsin law the vehicle from which the officers seized the gun was not lawfully titled in his name. This is not the type of claim cognizable under § 2255, which focuses on violations of federal not state law; nor did petitioner raise the claim on direct appeal, defaulting it. In any event, in a constructive possession case like this

---

[2] To the extent that petitioner again argues in this claim that the officers' testimony was unpersuasive, that was an issue for the jury at trial, not for collateral review.

[3] A defendant's right to exclude certain hearsay falls under the Sixth Amendment, not the Fourth.

3

one, the issue is control not ownership. See, e.g., United States v. Kitchen, 57 F.3d 516, 520-21 (7th Cir. 1995).

In his fifth and sixth grounds for relief, petitioner presents his version of what happened on the day of his arrest and challenges the officers' version. Such claims are not cognizable under § 2255.[4]

Finally, as his seventh ground, petitioner contends that I varied from the written document when reading the instructions to the jury. Again, this claim is defaulted. In any event, petitioner points to no material variance, and the jurors were provided with a written copy of the instructions for their deliberations. Petitioner also claims that the jury was denied requested evidence during deliberations. Presumably, he refers to the jury's note requesting the transcript of certain trial testimony, which (without objection) I advised was not available. (R. 40 at 2.) Petitioner also failed to raise this issue on appeal, defaulting it for collateral review; setting the default aside, because this was a one day trial there was no abuse of discretion in not providing a transcript. See, e.g., United States v. Howard, 80 F.3d 1194, 1202 (7th Cir. 1996) (affirming a district court's decision not to provide a transcript during jury deliberations where the trial lasted less than two days and the testimony was "fairly straightforward"). Petitioner also contests a guideline enhancement for obstruction of justice based on his false trial testimony. Again, the claim is defaulted; further, I explained the basis for that determination, citing specific evidence, in my written sentencing memorandum; and finally, mere guideline errors are generally not cognizable under § 2255. United States v.

---

[4]Within his sixth claim, petitioner states that he was not read his rights before the officers searched the car. Miranda applies only when officers engage in custodial interrogation. See, e.g., United States v. Yusuff, 96 F.3d 982, 987 (7th Cir. 1996) ("A suspect must be both in custody and subject to 'interrogation' to trigger the Miranda warnings requirement.").

4

Wisch, 275 F.3d 620, 625 (7th Cir. 2001).

**THEREFORE, IT IS ORDERED** that petitioner's § 2255 motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly. Petitioner's motion to proceed in forma pauperis is denied as moot.

Dated at Milwaukee, Wisconsin, this 27th day of May, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge