# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARVIN CLEMENTS**
    **Petitioner-Defendant,**

  v.                           **Case No. 08-C-0410**
                                  **(Criminal Case No. 06-CR-9)**

**UNITED STATES OF AMERICA**
    **Respondent-Plaintiff.**

## ORDER

A jury convicted petitioner Marvin Clements of possessing a firearm as a felon, and I sentenced him to 48 months in prison. The Seventh Circuit affirmed on direct appeal. <u>United States v. Clements</u>, 522 F.3d 790 (7th Cir.), <u>cert. denied</u>, 129 S. Ct. 130 (2008). Petitioner filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255, which I denied on May 27, 2008. Petitioner then moved for a writ of audita querela; I dismissed that motion for lack of jurisdiction on December 4, 2008.

Petitioner has now filed a notice of appeal, ostensibly from the December 4, 2008 order. However, he also attaches to his notice of appeal a copy of the decision denying his § 2255 motion, and the Clerk has docketed the notice under Case No. 08-C-410, the § 2255 case.[1] Therefore, he may be attempting to appeal both decisions.

Under Fed. R. App P. 22(b)(1), if an applicant for § 2255 relief files a notice of appeal the district court must consider whether to grant him a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). Thus, although his notice is likely untimely as it pertains to

---

[1]Petitioner filed the motion for a writ of audita querela in the criminal case, 06-CR-9.

the May 27, 2008 order, if petitioner is seeking to appeal the denial of the § 2255 motion I must address the COA issue. The Seventh Circuit has also indicated that a COA would be needed to appeal the dismissal as successive of a petition for a writ of audita querela. Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004); see also Sveum v. Smith, 403 F.3d 447, 448 (7th Cir. 2005) (holding that a prisoner needs a COA to appeal the dismissal of a motion as an unauthorized successive collateral attack). Thus, I will also address whether a COA should issue regarding the December 4, 2008 order.

## I. COA STANDARD

A COA may issue only if the applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quote marks omitted). Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Where the court dismisses a motion based on procedural grounds without reaching the underlying constitutional claims, a COA may "issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

2

## II. AUDITA QUERELA MOTION

Jurists of reason would not debate my dismissal of the motion for a writ of audita querela. The Seventh Circuit has held that prisoners are generally allowed just one round of collateral review, see Rodriguez v. United States, 286 F.3d 972, 980 (7th Cir. 2002), and that a district court must dismiss for lack of jurisdiction any subsequent motion attacking the conviction, regardless of the label, Melton, 359 F.3d at 857. Under this clear authority, because petitioner had already received a round of collateral review under § 2255, I had no option but to dismiss his motion for a writ of audita querela.

## III. 2255 MOTION

Jurists of reason would also not find debatable my denial of petitioner's original § 2255 motion. In the motion, petitioner raised seven grounds for relief, but for the reasons set forth more fully in the Rule 4 order denying the motion, none had any merit.

Petitioner first alleged a violation of his Fourth Amendment rights, but the Seventh Circuit rejected this claim on direct appeal, Clements, 522 F.3d at 794-95, and petitioner provided no reason to disregard the law of the case, see Peoples v. United States, 403 F.3d 844, 847 (7th Cir. 2005); White v. United States, 371 F.3d 900, 902 (7th Cir. 2004). Petitioner questioned the conduct and credibility of the arresting police officers and the quality of the evidence against him, but those were issues for the jury to resolve. Section 2255 relief is reserved for grave legal errors, see, e.g., Romandine v. United States, 206 F.3d 731, 737 (7th Cir. 2000); Scott v. United States, 997 F.2d 340, 341 (7th Cir. 1993); "the question of guilt or innocence is not cognizable on a Section 2255 motion." Bateman v. United States, 875 F.2d 1304, 1306-07 (7th Cir. 1989).

3

Second, petitioner alleged that I denied his Sixth Amendment rights by ignoring his pro se objections at trial. Petitioner procedurally defaulted this claim by failing to raise it directly. In any event, the claim lacked merit. There is no Sixth Amendment right to interrupt a trial and argue with a witness. See Illinois v. Allen, 397 U.S. 337 (1970).

Third, petitioner argued that his constitutional rights were violated by the admission of hearsay statements. However, he failed to specify the testimony he believed to be hearsay: the arresting officers testified as to their first-hand observations, and petitioner's post-arrest statement was not hearsay. See Fed. R. Evid. 801(d)(2).

Fourth, petitioner argued that under Wisconsin law the vehicle from which the officers seized the gun was not lawfully titled in his name. Petitioner also defaulted this claim. Further, claims based on state law are not cognizable under § 2255. Finally, in a constructive possession case like this one, the issue is control not ownership. See, e.g., United States v. Kitchen, 57 F.3d 516, 520-21 (7th Cir. 1995).

In his fifth and sixth grounds for relief, petitioner presented his version of what happened on the day of his arrest and challenged the officers' version. Such claims are not cognizable under § 2255.

Finally, as his seventh ground, petitioner claimed that I varied from the written document when reading the instructions to the jury. Again, this claim was defaulted, and in any event petitioner pointed to no material variance, and the jurors were provided with a written copy of the instructions for their deliberations. Petitioner also claimed that the jury was denied requested evidence during deliberations. Presumably, he referred to the jury's note requesting the transcript of certain trial testimony, which (without objection) I advised was not available. (R. 40 at 2.) Petitioner failed to raise this issue on direct appeal, defaulting it for collateral

4

review; setting the default aside, because this was a one day trial there was no abuse of discretion in not providing a transcript. See, e.g., United States v. Howard, 80 F.3d 1194, 1202 (7th Cir. 1996). Petitioner also contested a guideline enhancement for obstruction of justice based on his false trial testimony. Again, the claim was defaulted; further, I explained the basis for that determination, citing specific evidence, in my written sentencing memorandum; and finally, mere guideline errors are generally not cognizable under § 2255. United States v. Wisch, 275 F.3d 620, 625 (7th Cir. 2001).

Thus, if petitioner is seeking to appeal the denial of his § 2255 motion, for the reasons set forth above and those set forth in the May 27, 2008 order, I deny a COA. None of these claims should proceed further.

## IV.  CONCLUSION

**THEREFORE, IT IS ORDERED** that a certificate of appealability is **DENIED** as to the May 27, 2008, and December 4, 2008 orders.

Dated at Milwaukee, Wisconsin, this 30th day of January, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

5